United States District Court
District of Massachusetts

_____
                                   )
SAMMY GARCIA,                      )
        Petitioner,                )
                                   )
        v.                         )    Civil No.
                                   )    06-10614-NMG
LOIS RUSSO,                        )
        Respondent.                )
_____)

**MEMORANDUM & ORDER**

GORTON, J.

I. <u>Background</u>

Petitioner Sammy Garcia was convicted of first-degree murder and unlawful possession of a firearm in the Massachusetts Superior Court for Middlesex County.  After appealing his convictions in state courts, Garcia filed a petition for writ of habeas corpus in this federal district court.  The petition challenges his state convictions on the grounds that 1) the trial judge's refusal to instruct the jury on voluntary manslaughter violated the Due Process Clause and 2) the admission at trial of his statement obtained during custodial interrogation violated the Fifth Amendment.  Upon the retirement of the judge to whom the case was originally assigned, the petition was re-assigned to this Session and referred to Magistrate Judge Robert Collings.

On August 30, 2011, Magistrate Judge Collings issued a

report and recommendation ("R&R") finding that petitioner did not exhaust his due process claim and recommending that the Court give petitioner the opportunity to withdraw his unexhausted due process claim before ruling on his Fifth Amendment claim.

## II. Analysis

When presented with a habeas petition containing both exhausted and unexhausted claims, a federal court sitting in habeas corpus review has several options:

> The court may allow the petitioner to dismiss voluntarily any unexhausted claims and proceed with the petition, dismiss the petition without prejudice to allow the petitioner to return to state court to exhaust the unexhausted claims, or - in limited circumstances-utilize a "stay and abeyance" procedure to allow the petitioner to return to exhaust as yet unexhausted claims without running afoul of the one-year statute of limitations provided by 28 U.S.C. § 2244(d).

Rodriguez v. Russo, 495 F. Supp. 2d 158, 167 (D. Mass. 2007). When a petition's unexhausted claims are plainly without merit, the Court may elect to dismiss the petition notwithstanding petitioner's failure to exhaust. Rhines v. Weber, 544 U.S. 269, 277 (2005) (citing 28 U.S.C. 2254(b)(2)).

Finding petitioner's due process claim to be futile, the Court will elect the fourth option here. As the First Circuit explained in Paulding v. Allen, 393 F.3d 280, 283-84 (1st Cir. 2005),

> Assuming arguendo that a due process claim [for failure to give a lesser included offense jury instruction] remains viable under federal habeas corpus, the most that a noncapital defendant could assert under the Supreme

-2-

> Court's precedent is that a lesser included offense instruction is required if warranted by the evidence.

After reviewing the evidence in Paulding's case, the First Circuit concluded that the SJC "reasonably determined that the evidence did not warrant such an instruction" and affirmed the district court's dismissal of his habeas petition. Id. at 284.

The First Circuit's reasoning in Paulding compels the same result here. In ruling on petitioner's state court appeal, Commonwealth v. Garcia, 824 N.E.2d 864, 872-73 (Mass. 2005), the SJC surveyed the evidence presented at Garcia's trial and held that it did not support a voluntary manslaughter instruction. In compliance with its mandate, the SJC's reasoned judgment did not "result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," nor was it based on "an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(1)-(2). Petitioner is, therefore, not entitled to habeas relief on that basis.

Because petitioner abandoned his remaining Fifth Amendment claim by failing to brief it in his supporting memorandum of law, see Herbert v. Dickhaut, No. 06-10036-NG, 2011 WL 3021770, at *14 (D. Mass. July 21, 2011) and Smiley v. Maloney, No. 01-11648-GAO, 2003 WL 23327540, at *15 (D. Mass. Oct. 31, 2003), the Court will enter a final judgment dismissing his petition in its entirety.

**ORDER**

Upon careful consideration of the Magistrate Judge's Report and Recommendation (Docket No. 32) and petitioner's objection thereto (Docket No. 33), this Court accepts and adopts, in part, and declines to accept and adopt, in part, the Report and Recommendation, as explained above. In light of the foregoing, Garcia's Petition for Writ of Habeas Corpus (Docket No. 1) is **DISMISSED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated December 19, 2011