United States District Court
District of Massachusetts

|  |  |
|---|---|
| SAMMY GARCIA,<br>      Petitioner,<br><br>v.<br><br>LOIS RUSSO,<br>      Respondent. | Civil No.<br>06-10614-NMG |

### MEMORANDUM & ORDER

GORTON, J.

On December 19, 2011, this Court dismissed the habeas petition of Sammy Garcia. The Court will now consider sua sponte whether a Certificate of Appealability should issue.

### I. Background

In 2000, Sammy Garcia was convicted in Massachusetts Superior Court for Middlesex County of first-degree murder and unlawful possession of a firearm. After appealing his convictions in state courts, Garcia filed a petition for writ of habeas corpus in this Court. The petition challenges his state convictions on the grounds that 1) the trial judge's refusal to instruct the jury on voluntary manslaughter violated the Due Process Clause and 2) the admission at trial of his statement obtained during custodial interrogation violated the Fifth Amendment. This Court rejected both grounds for relief and dismissed his petition.

## II. Legal Analysis

### A. Standard

Section 2253(c) of Title 28 of the United States Code provides that a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a "substantial showing," a petitioner seeking a Certificate of Appealability must demonstrate that

> reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

Slack v. McDaniel, 529 U.S. 473, 484 (2000). The debatable-among jurists-of-reason standard is a low barrier. A claim is considered "debatable" even if every reasonable jurist would agree that the petitioner will not prevail. Miller-El v. Cockrell, 537 U.S. 322, 338 (2003). The petitioner must, however, prove "something more than the absence of frivolity or the existence of mere good faith." Id. When a habeas petition contains more than one potential ground for relief, a court must state which issues, if any, satisfy the standard set forth in § 2253(c)(2). 28 U.S.C. § 2253(c)(3).

Where, as here, a petitioner has not moved for a Certificate of Appealability, a district court will consider the matter sua sponte. Teti v. Bender, 507 F.3d 50, 56 (1st Cir. 2007).

### B. Application

Garcia is not entitled to a Certificate of Appealability on either claim. He failed to brief and therefore abandoned his Fifth Amendment claim. He failed to present his Due Process claim to the Massachusetts Supreme Judicial Court ("SJC") and it is, therefore, unexhausted.

Had he exhausted the claim, however, it would have had little chance for success. Because the Supreme Court has not decided whether a non-capital defendant has a due process right to receive a lesser-included-offense instruction, a habeas petition predicated on such a claim will be dismissed as not clearly established under federal law. See Tegeler v. Renico, 253 F. App'x 521, 524 (6th Cir. 2007); Dickerson v. Dormire, 2 F. App'x 695, 696 (8th Cir. 2001); Mendez v. Roe, 88 F. App'x 165, 167 (9th Cir. 2004); Dockins v. Hines, 374 F.3d 935, 938 (10th Cir. 2004).

While the First Circuit has not yet decided the issue, Paulding v. Allen, 393 F.3d 280, 283 (1st Cir. 2005), even in the unlikely event that it were to take a contrary position, it would not likely upset the ruling of the SJC that the evidence did not warrant a voluntary manslaughter instruction under a heat-of-passion theory. The evidence established that Garcia shot a thirteen-year-old boy walking down the street because he happened to be Asian. The shooting occurred long after the stabbing of his friend, during which period Garcia obtained a gun and

repeatedly expressed his plan to kill an Asian person to get revenge. An appeal in this instance would be frivolous and, therefore, a Certificate of Appealability will not issue.

**ORDER**

In accordance with the foregoing, a Certificate of Appealability is **DENIED** for both claims.

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated January 23, 2012